53 CCPA

**Application of Hans KOCH and Hans-Peter Ackermann.**

**Patent Appeal No. 7635.**

United States Court of Customs and Patent Appeals.

Aug. 4, 1966.

————◆————

Michael S. Striker, New York City, for appellants.

Joseph Schimmel, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for Commissioner of Patents.

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge WORLEY, pursuant to provisions of Section 294(d), Title 28, United States Code.

1. Serial No. 96,601, filed March 17, 1961.

Before RICH, Acting Chief Judge, MARTIN, SMITH and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

KIRKPATRICK, Judge.

This is an appeal from the decision of the Board of Appeals which affirmed the examiner's rejection of apparatus claims 24, 26–28 and 33 and process claims 29, 31 and 32 in appellants' application [1] entitled "Method and Means for Separating Ribs, 'Birds' Eyes' and Other Heavy Ingredients from Cut Tobacco."

As its title suggests, the application relates to separation of various undesirable heavy ingredients from light cut tobacco used in the production of cigarettes and the like. Appellants first subject a mixture of light and heavy particles to a mechanical separating action and thereafter to one or more pneumatic separating actions, the classification being on the basis of weight. Claim 24, with appropriate reference numerals to Figure 1 of appellants' drawings, is illustrative:

24. In a tobacco distributor, an apparatus for separating small and large heavier particles from a mixture of lighter and heavier tobacco particles, comprising feeding means [rollers 4, 5, 6] arranged to form a shower containing a mixture of lighter and heavier particles; mechanical separator means [winnower roll 7] disposed in the path of the shower for projecting the particles fanwise so that the lighter particles form a first stream having a shorter flight span and free of heavier particles [the lighter particles accumulate on conveyor belt 8], and the small and large heavier particles form a second stream having a longer flight span [which stream enters channel 11 containing screw feed 12]; and pneumatic separator means. ["sifting: shafts 14 and/or 216 receive the predominantly heavy particle

mix which is transported from channel 11 by means of conveyor 13] sufficiently spaced from said mechanical separator means to permit settling of heavier particles in said second stream and arranged to remove from the second stream at least some lighter particles which might have been entrained with the heavier particles [an ascending stream of air carries lighter particles which may have been entrained in the heavy particle mix to conduit 20].

Fig 1

Fig. 2

Appellants also assert that their particular mechanical separator means (the winnower roll illustrated above in Fig. 2) is new. Its nature is reflected in claim 28:

28. As a novel article of manufacture, particularly for separating small and large heavier particles from a mixture containing lighter and heavier tobacco particles, a winnower roll comprising a plurality of adjacent axially parallel peripheral projections each including a substantially radial tobacco projecting surface and a concave guide surface extending from the outer end of its tobacco projecting surface to the inner end of the tobacco projecting surface on an adjacent projection.

The references are:

| | | |
|---|---|---|
| Patterson | 1,164,114 | December 14, 1915 |
| Molins et al. | 1,903,931 | April 18, 1933. |
| Universelle (German) | 687,409 | January 29, 1940. |
| Imperial (Gr. Britain) | 789,026 | January 15, 1958. |
| Korber (German) | 1,041,844 | October 23, 1958. |
| Industrial (France) | 1,205,864 | August 24, 1959. |

The pertinent darwings of the references are reproduced here:

FIG.1.

Industrial

Imperial

Molins

In applying the references, the examiner was of the view that claims 24, 29 and 32 "read fairly" on Molins, stating:

Claims 24, 29 and 32 stand finally rejected as being unpatentable over Molins et al, with or without Patterson. Paraphrasing claim 24, Molins et al. show in * * * [Fig. 1] feeding means 3, 4, 5, arranged to form a shower dropping onto wheel 8 and containing a mixture of lighter and heavier particles; mechanical separator means 8 disposed in the path of the shower for projecting the particles fanwise so that the lighter particles form a first stream (dropping onto drum 15 in Fig. 1 * * *) and having a shorter flight span and free of heavier particles, and the heavier particles (which inherently include small and large heavier particles) form a second stream (above the first stream) and having a longer flight span; and pneumatic separator means at 14, 12, Fig. 1, sufficiently spaced from mechanical separator means 8 to permit heavier particles in said second stream to settle into channel 11 and arranged to remove from the second stream, by blowing back, at least some lighter particles which might have been entrained with the heavier particles in said second stream.

With respect to those claims, the examiner was also of the view that it would be obvious to one of ordinary skill that the particles in channel 11 of Molins, containing light material entrained by the heavier particles, could be further separated into streams of lighter and heavier particles by pneumatic means, as suggested by Patterson. The examiner noted that Patterson discloses separation of lighter particles from heavier particles in tobacco by stages—an initial pneumatic separation to remove light, small, dust particles; a screening operation to separate large and small sized particles without regard to weight; and a final pneumatic separation to further remove large, light tobacco particles from the heavier stems.

As to claims 27, 31 and 33, which are directed to series pneumatic separation of light and heavy particles, the examiner further relied on Universelle or Korber to show that "it is well known in this art to provide a plurality of serially con-

nected sifting shafts" to achieve two consecutive pneumatic separating actions.

The examiner rejected claim 28 as "fully met by either Industrial or Imperial," relying on the above drawings of the tobacco winnower or thrower rolls in each reference. Claim 26, which is similar in most respects to claim 24 other than further describing the mechanical separator means in the language employed in claim 28, was rejected on the references applied against claim 24 in view of Industrial or Imperial. The examiner found it obvious to employ the winnower rolls of the secondary reference for that shown by Molins.

The board agreed with the examiner's full discussion of the applicability of the references to the claims in all respects, and so do we. Appellants argue that Molins discloses *simultaneous* mechanical separation employing winnower roll 8 and pneumatic separation employing blower 22 and nozzle 12; that Molins does not suggest separating by weight in *consecutive* steps; and that the pneumatic separation proposed by Molins interferes with the patentees' mechanical separation because nozzle 12, Molins' pneumatic separator means, might cause undesirable heavier particles to enter the stream of lighter particles.

We think those contentions are inconsistent with the actual teachings of the Molins reference. Contrary to appellants' arguments, we think Molins does disclose separation by weight in consecutive steps, it being evident that the winnower roll of Molins first mechanically separates the feed mixture by creating two streams of material—one composed of light particles and the other of heavy particles with entrained light particles—and that thereafter the latter stream is subjected to a pneumatic separation. Nor does it seem to us that Molins' pneumatic separation necessarily interferes with the mechanical separation step in the manner alleged by appellants, it being

quite evident that blower means 22 necessarily is so adjusted as to allow, in Molins' words, "the heavy stalks [to] pass over into the waste trough" and "the lighter particles of tobacco to be blown back." In that regard, we also observe that appellants disclose blower means 17 in Figure 1 of their drawings similar in all respects to that of Molins. The language of claim 33 is directed in part to that blower means. Any allegation that Molins' pneumatic separator means interferes with the mechanical separation performed by the winnower roll would appear equally applicable to appellants' own structure.

We also think the Patent Office is correct in its conclusion that Patterson "would render it obvious to workers of ordinary skill in the art that pneumatic separation could be further applied to the product rejected to trough 11 of Molins." In our view, one of ordinary skill would be expected to utilize as many stages of pneumatic separation as necessary to achieve the desired degree of separation of light and heavy particles, as Patterson, Korber and Universelle demonstrate.

As for claims 28 and 26, appellants argue that the claim language defining "a concave guide surface [121] extending from the outer end [119] of its tobacco projecting surface [118] to the inner end of the tobacco projecting surface [118] on an adjacent projection [117]" is not suggested by the references. We share the view of the board that "The vane contour required by claims 26 and 28 appears to be as well illustrated in the references as in appellants' structure and to fully satisfy the claim language," and that the use of the winnower roll of Industrial or Imperial in the apparatus of Molins, in the manner specified in claim 26, would be obvious. The decision is affirmed.

Affirmed.

SMITH, Judge, concurs in the result.